**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RONALD HUSBAND**                                                             **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 5:09cv118-DCB-MTP**

**CORRECTIONS CORPORATION OF AMERICA**               **DEFENDANT**

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

THIS MATTER is before the court on Plaintiff's Motion [13] for Default Judgment.[1] Having considered Plaintiff's motion, along with documents made a part of the record of this case and the applicable law, the court finds that Plaintiff's motion should be DENIED.

In his Motion [13], filed on September 24, 2009, Plaintiff asks the court to enter a default judgment against Defendant because- at the time the motion was filed - Defendant had not yet answered the complaint or otherwise appeared in this action. Defendant filed its Answer [16] on October 5, 2009.

Entry of a default judgment is clearly not appropriate under the circumstances of this case pursuant to Fed. R. Civ. P. 55(a), because Defendant has not "failed to plead or otherwise defend" in this action. To the contrary, it appears that Defendant's Answer was timely filed. Defendant was served on September 15, 2009 (*see* [12]) and, therefore, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, its answer was due within twenty days - *i.e.*, on or before October 5, 2009 (the date on which it was, in fact, filed). Further, even if the Answer was filed late, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (*quoting Ganther v.*

---

[1] Although the motion is titled a "Motion for Summary Judgment," in light of the nature of the relief requested by Plaintiff the court deems it a Motion for Default Judgment.

*Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (*quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Accordingly,

IT IS ORDERED that Plaintiff's Motion [13] for Default Judgment is DENIED.

SO ORDERED this the 22nd day of October, 2009.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge