IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALD HUSBAND                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 5:09cv118-MTP

CORRECTIONS CORPORATION OF AMERICA                                    DEFENDANT

**OMNIBUS ORDER AND ORDER ON MOTION**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 27, 2010. The Plaintiff appeared *pro se* and Defendant was represented by attorneys Chris Espy and Lem Montgomery. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at WCCF.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Plaintiff complains that it took six months for him to receive new dentures after his dentures broke.[4] Specifically, Plaintiff claims that in May 2009, he bit down on something and his dentures broke. Three days later, he saw a dentist at WCCF who tried to fix the broken dentures. However, Plaintiff claims the dentist told him that he did not have the proper supplies. Plaintiff claims that the dentist measured him for new dentures at that time, but that he did not receive the new dentures until November 23, 2009. While waiting for the new dentures, Plaintiff claims that the fixed dentures broke again and he swallowed pieces of the broken dentures and cut his gums and tongue. Plaintiff also claims that he had trouble chewing his food and had to put water on his food in order to moisten it. He claims he could not eat and as a result, he lost between fifteen and twenty pounds. Plaintiff avers that the dentist told him that the reason for the delay in getting the new dentures was because "CCA was slow about paying funds."

## 2. DISCOVERY ISSUES

Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any requests for dental treatment and responses thereto; any purchase orders, receipts or other documents indicating the date that Plaintiff's dentures were ordered and the date when the dentures were received; and a copy of any ARP documents relating to Plaintiff's dentures.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

---

[4] Plaintiff wore dentures prior to his entry into the prison system.

2

### 3. PENDING MOTIONS

Plaintiff has filed a motion [24] to dismiss all claims relating to alleged nepotism at WCCF. Defendant does not object. The court finds that the motion should be granted.

### 4. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any requests for dental treatment and responses thereto; any purchase orders, receipts or other documents indicating the date that Plaintiff's dentures were ordered and the date when the dentures were received; and a copy of any ARP documents relating to Plaintiff's dentures.

2. Plaintiff's motion [24] to dismiss all claims relating to alleged nepotism at WCCF is granted.

3. The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

4. This order may be amended only by a showing of good cause.

5. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 6th day of May, 2010.

s/ Michael T. Parker  
United States Magistrate Judge